JUDGE PAULEY

14 CV 2622

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

MIGUEL ANGEL ARELLANO, RICARDO ARELLANO, MELITON ARELLANO RODRIGUEZ, JOSE IVAN HERRERA-ARELLANO, OSWALDO NOCELOTL-ROJAS, ALBERTO DAVID RODRIGUEZ-HERRERA, and ENRIQUE ROMERO MOTA, individually and on behalf of all other individuals similarly situated,

Plaintiffs,

–against–

174 W 137 LLC; CITY SKYLINE REALTY, INC.; and DOUGLAS PETERSON; jointly and severally,

Defendants.



RECEIVED
APR 14 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT AND JURY DEMAND

1.  The plaintiffs allege on behalf of the plaintiffs and other similarly situated current and former employees of the defendants who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 215(b), that the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendants are liable to the plaintiffs and party plaintiffs for unpaid or underpaid (1) minimum wages, (2) overtime compensation, and such other relief available by law.

2.  The plaintiffs further allege, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that the defendants violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 191 of the New York Labor Law, and the defendants are liable to the plaintiffs for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) other wages not timely paid, and such other relief available by law.

1

3. The plaintiffs further allege, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-b)–(1-d), that the defendants violated the same, N.Y. Lab. Law § 195(1)–(3), and that the plaintiffs should be awarded of the defendants statutory damages, injunctive relief, and such other relief available by law.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5. Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7. The plaintiff Miguel Angel Arellano is and was at all relevant times an adult residing in New York County, New York.

8. The plaintiff Ricardo Arellano is and was at all relevant times an adult residing in Bronx County, New York.

9. The plaintiff Meliton Arellano Rodriguez is and was at all relevant times an adult residing in Bronx County, New York.

10. The plaintiff Jose Ivan Herrera-Arellano is and was at all relevant times an adult residing in Queens County, New York.

11. The plaintiff Oswaldo Nocelotl-Rojas is and was at all relevant times an adult residing in Queens County, New York.

12. The plaintiff Alberto David Rodriguez-Herrera is and was at all relevant times an adult residing in New York County, New York.

13. The plaintiff Enrique Romero Mota is and was at all relevant times an adult residing in Bronx County, New York.

14. The defendant 174 W 137 LLC is and was at all relevant times a New York limited liability company with its office in New York County.

15. The defendant City Skyline Realty, Inc., is and was at all relevant times a New York business corporation with its office in New York County.

16. Upon information and belief, the defendant Douglas Peterson is an adult whose county of residence is unknown to the plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

17. Pursuant to 29 U.S.C. § 216(b), the plaintiffs commence this action as to the plaintiffs' claims arising under the Fair Labor Standards Act as a collective action on behalf of all similarly situated current and former employees of the defendants at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

18. The plaintiffs and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiffs stated herein are similar to those of the putative party plaintiffs.

## STATEMENT OF FACTS

19. At all relevant times, the defendants' business among themselves includes the ownership and management of residential real estate located at 174 West 137th Street, New York, New York.

20. Upon information and belief, at all relevant times, Douglas Peterson was an owner, shareholder, officer, or manager of the defendants' business.

21. Upon information and belief, at all relevant times, Douglas Peterson was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

22. Upon information and belief, at all relevant times, Douglas Peterson had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

23. The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

24. The defendants employed Miguel Angel Arellano approximately from August 2011 until October 2011.

25. The defendants employed Miguel Angel Arellano as a carpenter.

26. Miguel Angel Arellano worked for the defendants approximately sixty hours per week.

27. The defendants promised to pay Miguel Angel Arellano $120 per each eight hour workday and to pay at the same rate for additional hours worked.

28. The defendants paid Miguel Angel Arellano $900 on one occasion, and did not pay Miguel Angel Arellano any additional wages.

29. The defendants employed Ricardo Arellano approximately from April 2011 until October 2011.

30. The defendants employed Ricardo Arellano as a carpenter.

31. Ricardo Arellano worked for the defendants approximately between sixty and seventy-two hours per week.

32. The defendants promised to pay Ricardo Arellano $180 per each eight hour workday and to pay at the same rate for additional hours worked.

33. The defendants did not pay Ricardo Arellano any wages.

34. The defendants employed Meliton Arellano Rodriguez approximately from April 2011 until August 2011.

35. The defendants employed Meliton Arellano Rodriguez as a carpenter and superintendent.

36. Meliton Arellano Rodriguez worked for the defendants approximately ninety-eight hours per week.

37. The defendants promised to pay Meliton Arellano Rodriguez $180 per each eight hour workday and to pay Meliton Arellano-Rodriguez at the same rate for additional hours worked

38. The defendants paid Meliton Arellano Rodriguez approximately $1000 on one occasion, and did not pay Meliton Arellano Rodriguez any additional wages.

39. The defendants employed Jose Ivan Herrera-Arellano approximately from August 2011 until October 2011.

40. The defendants employed Jose Ivan Herrera-Arellano as a carpenter.

41. Jose Ivan Herrera-Arellano worked for the defendants approximately between forty-five and fifty-seven hours per week.

42. The defendants promised to pay Jose Ivan Herrera-Arellano $180 per each eight hour workday and to pay at the same rate for additional hours worked

43. The defendants did not pay Jose Ivan Herrera-Arellano any wages.

44. The defendants employed Oswaldo Nocelotl-Rojas approximately from August 2011 until October 2011.

45. The defendants employed Oswaldo Nocelotl-Rojas as a laborer.

46. Oswaldo Nocelotl-Rojas worked for the defendants approximately between fifty and sixty hours per week.

47. The defendants promised to pay Oswaldo Nocelotl-Rojas $120 per each eight hour workday and to pay at the same rate for additional hours worked.

48. The defendants paid Oswaldo Nocelotl-Rojas $720 per week until September 2011 and did not pay Oswaldo Nocelotl-Rojas any wages thereafter

49. The defendants employed Alberto David Rodriguez-Herrera approximately from August 2011 until October 2011.

50. The defendants employed Alberto David Rodriguez-Herrera as a laborer.

51. Alberto David Rodriguez-Herrera worked for the defendants approximately between fifty and sixty hours per week.

52. The defendants promised to pay Alberto David Rodriguez-Herrera approximately $120 per each eight hour workday and to pay at the same rate for additional hours worked

53. The defendants did not pay Alberto David Rodriguez-Herrera any wages.

54. The defendants employed Enrique Romero Mota approximately from August 2011 until October 2011.

55. The defendants employed Enrique Romero Mota as a laborer.

56. Enrique Romero Mota worked for the defendants approximately between fifty-seven and sixty-three hours per week

57. The defendants promised to pay Enrique Romero Mota $120 per each eight hour workday and to pay at the same rate for additional hours worked.

58. The defendants did not pay Enrique Romero Mota any wages.

59. The defendants willfully failed to pay the plaintiffs and party plaintiffs the applicable minimum wage.

60. The plaintiffs and party plaintiffs worked in excess of forty hours each workweek, yet the defendants willfully failed to pay the plaintiffs and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

61. The defendants failed to provide the plaintiffs with a notice and acknowledgment at the time of hiring.

62. The defendants failed to provide the plaintiffs with a statement with each payment of wages.

63. Upon information and belief, while the defendants employed the plaintiffs and party plaintiffs, the defendants failed to post or keep posted notices explaining the minimum wage rights of employees under the Fair Labor Standards Act and the New York Labor Law, and the plaintiffs and party plaintiffs were uninformed of their rights during such times.

64. Upon information and belief, while the defendants employed the plaintiffs and party plaintiffs, the defendants failed to maintain accurate and sufficient records.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

65.  The plaintiffs, on behalf of the plaintiffs and party plaintiffs, reallege and incorporate by reference paragraphs 1 through 64 as if they were set forth again herein.

66.  At all relevant times, the defendants, employers, employed the plaintiffs and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

67.  The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

68.  The defendants employ employees at the defendants' place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(i).

69.  Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(ii).

70.  Therefore, upon information and belief, at all relevant times, the plaintiffs and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

71.  The defendants in many workweeks willfully and repeatedly violated (and are violating) the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay the

plaintiffs and party plaintiffs the minimum wage applicable under the Fair Labor Standards Act, 29 U.S.C. § 206.

72. The defendants in many workweeks willfully and repeatedly violated (and are violating) the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiffs and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

73. By 29 U.S.C. § 216(b), the defendants are liable to the plaintiffs and party plaintiffs for unpaid or underpaid (1) minimum wages and (2) overtime compensation.

74. The plaintiffs and party plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

75. The defendants failed to post notices of the defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

76. Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiffs and party plaintiffs are entitled to the equitable tolling of their claims during the time that the defendants failed to post such notices.

77. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

### SECOND CLAIM FOR RELIEF: MINIMUM WAGE ACT

78. The plaintiffs reallege and incorporate by reference paragraphs 1 through 77 as if they were set forth again herein.

79. At all relevant times, the defendants, employers, employed the plaintiffs, employees, within the meaning of the New York Labor Law, §§ 2(5)–(7) and 651(5)–(6), N.Y. Comp. Codes R. & Regs. tit. 12, § 141-3.2.

80. From July 24, 2009, to December 30, 2013, the applicable minimum wage was $7.25 per hour, pursuant to N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.3.

81. The defendants willfully violated (and are violating) the plaintiffs' rights by failing to pay or underpaying the plaintiffs overtime compensation at a rate not less than one and one-half times the plaintiffs' regular rate of pay for the hours the plaintiffs worked in excess of forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.4.

82. The defendants' failure to pay the plaintiffs the foregoing timely is a violation of section 191 of the New York Labor Law.

83. By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendants are liable to the plaintiffs for unpaid or underpaid (1) minimum wages and (2) overtime compensation.

84. The plaintiffs are further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

85. The defendants failed to post notices of the defendants' employees' rights under the law, required by N.Y. Lab. Law § 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-2.3.

86. Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiffs are entitled to the equitable tolling of the plaintiffs' claims during the time that the defendants failed to post such notices.

### THIRD CLAIM FOR RELIEF:
### FAILURE TO TIMELY PAY WAGES

87. The plaintiffs reallege and incorporates by reference paragraphs 1 through 86 as if they were set forth again herein.

88. The defendants failed to pay the plaintiffs the plaintiffs' wages not later than the regular pay day for many pay periods, in violation of section 191(d) of the New York Labor Law.

89. By N.Y. Lab. Law §§ 198(1-a), the defendants are liable to the plaintiffs for wages not timely paid.

90. The plaintiffs are further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a).

### FOURTH CLAIM FOR RELIEF:
### WAGE THEFT PREVENTION ACT

91. The plaintiffs reallege and incorporate by reference paragraphs 1 through 90 as if they were set forth again herein.

92. The defendants failed to furnish to the plaintiffs, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1).

93. Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1), the plaintiffs should be awarded of the defendants statutory damages of $50.00 per

workweek that the violation occurred, up to a maximum of $2,500.00, pursuant to N.Y. Lab. Law § 198(1-b).

94. The defendants failed to furnish to the plaintiffs with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-2.2.

95. Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-2.2, the plaintiffs should be awarded of the defendants statutory damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, pursuant to N.Y. Lab. Law § 198(1-d).

96. Further, the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, should be permanently enjoined from violating the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d).

FOURTH CLAIM FOR RELIEF:
DECLARATORY RELIEF

97. The plaintiffs reallege and incorporate by reference paragraphs 1 through 96 as if they were set forth again herein.

98. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiffs may obtain declaratory relief.

99. The defendants violated the Fair Labor Standards Act, Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act.

100. It is in the public interest to have these declarations of rights recorded.

101. A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

102. A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

## PRAYER FOR RELIEF

103. Wherefore, the plaintiffs, on behalf of the plaintiffs and party plaintiffs, pray this Court grant as relief:

   a. designation of this action as a collective action on behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiffs and the plaintiffs' attorneys to represent the party plaintiffs;

   b. a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act;

   c. an award of unpaid or underpaid (1) minimum wages and (2) overtime compensation, due under the Fair Labor Standards Act;

   d. an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

e. an award of unpaid or underpaid (1) minimum wages, (2) overtime compensation, and (3) other wages not timely paid, due under the Minimum Wage Act and section 191 of the New York Labor Law;

f. an award of liquidated damages as pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

g. an award of statutory damages for the defendants' violation of the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

h. a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, from violating the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

i. if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

j. an award of punitive damages;

k. an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

l. an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

m. an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2) and 663(1); and

n. such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiffs, on behalf of the plaintiffs and party plaintiffs, demand a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: /s/ Brandon D. Sherr

Brandon D. Sherr (BS2680)
bsherr@zellerlegal.com
Justin A. Zeller (JZ7094)
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFFS**

Dated: New York, New York
April 14, 2014